UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALEB TORRES, SHANIQUA FORD, and JOSIF VALESKI on behalf of themselves and others similarly situated<br><br>Plaintiffs,<br>-against-<br><br>PLANNED LIFESTYLE SERVICES, INC.,<br><br>Defendant. | No.<br><br>COMPLAINT<br><br>Plaintiffs Demand a Trial by Jury |

Plaintiffs KALEB TORRES ("Torres"), SHANIQUA FORD ("Ford") and JOSIF VALESKI ("Valeski") (hereinafter, collectively referred to as "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys Levine & Blit, PLLC and Rubenstein & Rynecki, complaining of Defendant PLANNED LIFESTYLE SERVICES, INC. ("Defendant" or "Planned Lifestyle"), hereby alleges:

**NATURE OF THE ACTION**

1. This collective and class action is brought to remedy unpaid minimum wages and "spread of hours" pay in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), and the New York Labor Law ("NYLL"); and violations of the NYLL 195(3).

2. Plaintiffs seek declaratory and injunctive relief; an award of monetary damages for the economic losses caused by the Defendant' unlawful conduct, including the lost minimum wages and "spread of hours" pay, an award of liquidated damages under the FLSA; statutory damages; prejudgment interest pursuant to the NYLL; reasonable attorney's fees; costs of this action; and any such other and further relief this courts deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiffs' claims occurred in the Eastern District of New York.

## THE PARTIES

5. Torres is a citizen of the State of New York who began working for the Defendant in or about April 2018.

6. Ford is a citizen of the State of New York who began working for the Defendant in or about August 2018.

7. Veleski is a citizen of the State of New York who began working for the Defendant in or about August 2018.

8. Upon information and belief, Planned Lifestyle Services Inc. is a foreign business corporation doing business in the State of New York, duly organized and existing in the State of New Jersey, with its principal place of business located at 150 Smith Road, Parsippany, New Jersey 07054.

9. Upon information and belief, Planned Lifestyle is a business entity that provides front desk, concierge and doorman services for corporate, commercial, retail and residential customers to numerous worksites throughout Brooklyn, Queens and Manhattan, in addition to other locations throughout Connecticut, New York, New Jersey, Pennsylvania, Maryland, District of Columbia, Virginia, and the City of San Francisco.

10. At all times relevant to this action, Defendant are and were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. § § 203 (r) and (s), and, thus, an entity covered by the FLSA.

11. Defendant has and had: (a) employees engaged in the commerce or in the commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on good or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

12. At all times relevant to this action, Plaintiffs were an "employee" of Defendant within the applicable federal and state statutes and regulations.

13. At all times relevant to this action, Defendant were an "employer" of Plaintiffs within the meaning of applicable federal and state statutes and regulations.

## COLLECTIVE ACTION ALLEGATIONS

14. At all times within the applicable statute of limitations, Defendant has employed hundreds of employees, including the Plaintiffs, in the position of front desk, concierge and doorman services for corporate, commercial, retail and residential customers.

15. During the applicable statute of limitations, these same employees, including Plaintiffs, were, at times, denied the statutorily required minimum wage through Defendant's practice of regularly and deliberately failing to pay Plaintiffs and the putative Collective wages for the numbers of hours worked.

16. Defendant has employed numerous front desk, concierge and doormen employees during the applicable statutory period who have been subjected to the same terms and conditions of employment as Plaintiffs.

17. Defendant has failed and/or continues to fail to pay Plaintiffs and the putative Collective the minimum wage for regular hours worked.

18. Defendant engaged in the employment practice of failing to keep accurate time and payroll records in violation of the FLSA.

19. The unlawful employment practices at issue with respect to the similarly situated front desk, concierge and doormen employees and the named plaintiffs in this action are identical, as Defendant in all cases, has willfully denied such employees the minimum wages that they are owed.

20. Past and current front desk, concierge and doormen employed by Defendant, who are similarly situated to the named plaintiffs in this action, should have an opportunity to have their claims for alleged violations of the FLSA be heard.

21. Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in to such action if they so desire.

## CLASS ACTION ALLEGATIONS

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action individually and on behalf of the following class of persons ("the Class"): all persons who have been employed by Defendant as a front desk, concierge or doorman employee in the State of New York since January 2013.

23. The individuals in the Class identified above are so numerous that joinder of all members of the class is impracticable because, upon information and belief, Defendant have employed hundreds of individuals in the position of front desk, concierge and doormen employees during the applicable statutory period.

24. Questions of law and fact common to the Class include, but are not limited to, the following:

    (a) Whether the named Plaintiffs and persons belonging to the Class were denied minimum wage for all hours worked as a result of Defendant' employment practices;

    (b) Whether the named Plaintiffs and persons belonging to the Class were denied "spread of hours" pay for working a shift or shifts in excess of ten (10) hours;

    (c) Whether the named Plaintiffs and persons belonging to the Class were denied wages statements required with each payment of wages by NYLL § 195(3);

    (d) Whether Defendant' denial of minimum wages for regular hours worked to the named Plaintiff and persons belonging to the Class was done without a good faith basis that its practices complied with the applicable laws; and

    (e) Whether the named Plaintiffs and persons belonging to the Class have sustained damages and, if so, the proper measure of such damages.

25. The claims made by the named Plaintiffs are typical of the claims of the Class because the named Plaintiffs and the Class incurred the same type of damages, namely, lost wages and statutory damages, as a direct result of the same practices and policies implemented by Defendant.

26. The named Plaintiffs will fairly and adequately protect the interests of the Class because the interests of the named Plaintiffs are aligned with those of the Class, and the named Plaintiffs have no conflicts of interest with the Class. Likewise, the named Plaintiffs are represented by qualified and experienced counsel.

27. By engaging in such unlawful employment practices as alleged herein, Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making it appropriate that injunctive, declaratory, and monetary relief be awarded to the Class as a whole.

28. The questions of law and fact common to the Class, including but not limited to those identified in paragraph 23, predominate over questions affecting only the named Plaintiffs, and a class action is a superior method of fair and efficient adjudication of this controversy rather than the other methods available.

29. For these reasons, the Class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

30. At all times relevant to this Complaint, Plaintiffs were employed by Defendant as front desk, concierge and doormen employees for Defendant' residential building customers in the State of New York, including but not limited to a worksite located at 184 Kent Avenue, Brooklyn, New York; 10 West Broadway, Long Beach, New York; and 435 West 31st Street, New York, New York.

31. As front desk, concierge and doormen employees, Plaintiffs and other employees similarly situated members of the Class or Collective would greet building residents, sign in or announce guests, and accept package deliveries at their assigned worksite.

32. Plaintiffs and other employees similarly situated members of the Class or Collective were scheduled to work soon after they were hired, often before receiving an employee ID number and/or being entered into Defendant's employee records system.

33. Plaintiffs and other employees similarly situated members of the Class or Collective were required to work at least two training shifts after they were hired by the Defendant.

34. Defendant promised Plaintiffs and other employees similarly situated members of the Class or Collective that they would receive "training pay" for their hours spent in training.

35. Although Plaintiffs and other employees similarly situated members of the Class or Collective worked shifts lasting approximately 8-12 hours on Defendant behalf in required training, they were not compensated with "training pay" or wages for these hours.

36. Defendant failed to compensate Plaintiffs and other employees similarly situated members of the Class or Collective for hours worked on Defendant behalf in their regularly scheduled shifts.

37. For example, Veleski worked the following number of hours during the weeks specified hereafter for his training shifts: (1) for the work week of May 20, 2018 through June 2, 2018, Veleski worked 3 training hours; (2) for the work week of July 1, 2018 through July 14, 2018, Veleski worked 6.5 training hours.

38. Veleski worked the following number of hours during the weeks specified hereafter for his regular shifts: (1) for the work week of July 15, 2018 through July 28, 2018, Veleski worked 8.5 hours; (2) for the work week of July 29, 2018 through August 11, 2018, Veleski worked 8 hours.

39. For each week identified in the paragraphs 36 and 37 above, Veleski was not paid any wages at all. As a result, Veleski's effective hourly rate for these work weeks was $0.00, which is below the minimum hourly wage required by the FLSA.

40. Veleski did not receive any time and pay records while he was employed by Defendant.

41. Ford commenced her employment with Defendant on or about August 15, 2018.

42. While employed by Defendant, Ford often worked approximately thirty (30) hours per week during the weeks specified hereafter: (1) August 12, 2018 through August 25, 2018;

7

(2) August 26, 2018 through September 9, 2018; (3) September 9, 2018 through September 22, 2018; (4) September 23, 2018 through October 6, 2018; and (5) October 7, 2018 through October 20, 2018.

43. For each week identified in paragraph 43 above, Ford was not paid any wages at all. As a result, Ford's effective hourly rate for these work weeks was $0.00, which is below the minimum hourly wages required by the FLSA.

44. Ford did not receive any time and pay records while she was employed by Defendant.

45. Defendant also failed to compensate Plaintiffs and other employees similarly situated members of the Class with "spread of hours" pay for working a shift or shifts in excess of ten (10) hours.

46. For example, Torres worked a straight, thirty-two (32) hour shift, which began on Saturday at 7:00 am and lasted until Sunday at 11:00 pm during the work week July 1, 2018 through July 14, 2018.

47. For the week identified in paragraph 47 above, Torres was only paid for thirty-two (32) total hours. As a result, Torres was not paid a "spread of hours," as required by the New York Labor Law and its regulations.

48. Plaintiffs Veleski, Ford and Torres all requested payment of their wages from the Defendant prior to filing the instant action.

49. As a result of Defendant's foregoing employment practices, Plaintiffs and other employees similarly situated members of the Class or Collective were, at times, deprived of the statutorily required minimum wage and spread of hours pay.

50. Plaintiffs worked under the Defendant's direction and control.

51. Plaintiffs were hired by Defendant after responding to job posting advertisements.

52. Before working on their own, Plaintiffs and other employees similarly situated members of the Class or Collective were required to complete two training shifts.

53. Defendant would discipline Plaintiffs and other front desk, concierge and doorman employees for lateness, and other performance related issues.

54. Defendant required Plaintiffs and other front desk, concierge and doorman employees similarly situated to wear a specific uniform produced by Defendant.

55. Defendant determined the hourly rate of pay that Plaintiffs and other front desk, concierge and doorman employees similarly situated would receive.

56. Defendant required Plaintiffs and other front desk, concierge and doorman employees similarly situated to record their hours worked through a computer login application at their assigned worksite.

57. Defendant paid Plaintiffs and other front desk, concierge and doorman employees similarly situated on an hourly basis and may have maintained records of their hours worked, pay received, bonuses received, and reimbursements received.

58. Defendant exercised control over the work schedule of and locations where work was performed by Plaintiffs and other front desk, concierge and doorman employees similarly situated.

59. The Defendant's unlawful practices alleged herein resulted in unlawful monetary losses to the Plaintiffs and other employees similarly situated.

60. Plaintiffs and other employees similarly situated have suffered unpaid minimum wages as a direct result of Defendant's unlawful employment and pay practices alleged herein.

61. Throughout the entirety of their employment with Defendant, Plaintiffs and other employees similarly situated were denied wage statements containing the information required by NYLL 195(3).

### FIRST CAUSE OF ACTION AGAINST DEFENDANT AS TO THE COLLECTIVE ACTION
### (Unpaid Minimum Wages in Violation of the FLSA)

62. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 61, as if fully set forth therein.

63. Defendant was the employer of Plaintiffs and all other similarly situated employees with the meaning of the FLSA.

64. Plaintiffs and all other similarly situated employees are and were non-exempt employees of Defendant under the FLSA.

65. Plaintiffs and all other similarly situated employees were denied the minimum hourly wage required by the FLSA, through the policies, acts, and practices described above.

66. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and all other employees similarly situated to them. As such, Defendant's noncompliance with the FLSA was willful.

67. As a proximate result of Defendant's unlawful conduct, Plaintiffs and all other employees similarly situated have suffered economic damages in the form of unpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated pursuant to the FLSA.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT AS TO THE
## CLASS ACTION
### (Unpaid Minimum Wages in Violation of the NYLL)

68. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 67, as if fully set forth therein.

69. Defendant was the employer of Plaintiffs and all other similarly situated employees with the meaning of the NYLL.

70. Plaintiffs and all other similarly situated employees are and were non-exempt employees of Defendant under the NYLL.

71. Plaintiffs and all other similarly situated employees were denied the minimum hourly wage required by the NYLL, through the policies, acts, and practices described above.

72. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and all other employees similarly situated to them. As such, Defendant's noncompliance with the NYLL was willful.

73. As a proximate result of Defendant's unlawful conduct, Plaintiffs and all other employees similarly situated have suffered economic damages in the form of unpaid minimum wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated pursuant to the NYLL.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT AS TO THE
### (Unpaid Spread of Hours in Violation of the NYLL)

74. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 73, as if fully set forth therein.

75. Defendant was the employer of Plaintiffs and all other similarly situated employees with the meaning of the NYLL.

76. Plaintiffs and all other similarly situated employees are and were non-exempt employees of Defendant under the NYLL.

77. Plaintiffs and all other similarly situated employees were denied the spread of hours pay required by the NYLL, through the policies, acts, and practices described above.

78. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and all other employees similarly situated to them. As such, Defendant's noncompliance with the NYLL was willful.

79. As a proximate result of Defendant's unlawful conduct, Plaintiffs and all other employees similarly situated have suffered economic damages in the form of unpaid wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated pursuant to the NYLL.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT AS TO THE CLASS ACTION
**(Violations of the NYLL § 195(3))**

80. Plaintiffs hereby repeat and reallege each allegation contained in paragraphs numbered 1 through 79, as if fully set forth therein.

81. Defendant was the employer of Plaintiffs and all other similarly situated employees with the meaning of the NYLL.

82. Plaintiffs and all other similarly situated employees are and were non-exempt employees of Defendant under the NYLL.

83. Throughout the entirety of their employment with Defendant, Plaintiffs and other similarly situated employees were denied wage statements containing the information required by NYLL 195(3).

84. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and all other employees similarly situated to them. As such, Defendant' noncompliance with the NYLL was willful.

85. As a proximate result of Defendant' unlawful conduct, Plaintiffs and all other employees similarly situated have suffered statutory damages in the amount of $250.00 per workday, not to exceed $5,000.00, plus reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment containing the following relief:

a) An order declaring Defendant has violated the provisions of the FLSA and NYLL relating to payment of minimum wages, overtime premium wages, and provision of wage statements;

b) An order enjoining Defendant from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages for Plaintiffs', the Collective's, and the Class's economic losses in the form of unpaid minimum wages and spread of hours wages.

d) An order awarding liquidated damages to Plaintiffs, the Collective, and the Class pursuant to the FLSA and NYLL;

e) An order awarding statutory damages to Plaintiffs and the Class pursuant to the NYLL;

f) An award of prejudgment interest to Plaintiffs and the Class pursuant to the NYLL;

g) An award of Plaintiffs', the Collective's, and the Class's reasonable attorney's fees;

h) An award of the Plaintiffs', the Collective's, and the Class's costs of this action; and

i) Any such other and further relief this court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: January 16, 2019
       New York, New York

*[signature]*

LEVINE & BLIT, PLLC
Matthew J. Blit, Esq.
Justin S. Clark, Esq.
*Co-Counsel for Plaintiffs and the Putative Collective and Class*
350 Fifth Avenue, Suite 4020
New York, NY 10118
Tel. (212) 967-3000


RUBENSTEIN & RYNECKI
Sanford Rubenstein, Esq.
*Co-Counsel for Plaintiffs and the Putative Collective and Class*
16 Court Street
Brooklyn, New York 11241
Tel. (718) 522-1020